```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

**NATHANIEL HARDIMAN and**
**JESSICA WISE**                                        **PLAINTIFFS**

        v.             Civil No. 12-5005

**LINDSEY MANAGEMENT CO., INC.,**
**an Arkansas Business Corporation,**
**on behalf of Walter Harber**
**and J.E. Lindsey, d/b/a East**
**Oaks Apartment**                                      **DEFENDANT**

## O R D E R

    Now on this 15th day of February, 2013, comes on for consideration **Plaintiff's Response To Order To Show Cause** (document #33), and the Court, being well and sufficiently advised, finds and orders as follows:

    1.  Plaintiffs allege in this case that they were subjected to racial discrimination by Lindsey Management Co., Inc., in connection with their rental of an apartment at East Oaks Apartments.

    2.  On August 6, 2012, Defendant moved for summary judgment. Plaintiffs did not respond, and the Court, noting that they had likewise not responded to a Motion To Dismiss that was filed on May 18, 2012, directed them to show cause why this matter should not be dismissed for failure to prosecute.

    3.  Plaintiffs then filed the document now under consideration. They assert that they are acting *pro se*, are untrained in the law, and "were acting under a 'good faith' belief

that the Clerk's Entry of Default constituted a final judgment in this matter." They state that this "misunderstanding" was the cause of their failure to respond to the dispositive motions, and ask that "their ignorance concerning the finality of judgments not be held against them and that they are allowed to proceed with the assistance of counsel in this matter."

4. The Court finds this showing insufficient, as it is contradicted by the record.

(a) The Clerk entered defendant's Default on May 9, 2012, and on May 16, 2012, plaintiffs filed a document entitled "Motions to ask for a Judgment." The Court cannot credit plaintiffs statement that they thought the Clerk's Default constituted final judgment in light of their request for more action in the case.

(b) By Order dated June 11, 2012, the Court directed plaintiffs to respond to defendant's pending motion to dismiss within seventeen days. The Court cannot credit any "misunderstanding" on the part of plaintiffs as the reason they failed to obey a direct Court order.

5. Plaintiffs state that they "cannot contend with the legal sophistication of the Defendant and their counsel," and ask the Court to allow them time to obtain an attorney to proceed with the case. This request will be denied. This case has been pending for over a year. If plaintiffs had considered that they needed legal representation, they should have obtained it long

before now.  In light of the foregoing, the Court finds that this matter should be dismissed for failure to prosecute.

**IT IS THEREFORE ORDERED** that this matter is **dismissed.**

**IT IS SO ORDERED.**

                                     /s/ Jimm Larry Hendren
                                   **JIMM LARRY HENDREN**
                                   **UNITED STATES DISTRICT JUDGE**